UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND (Baltimore)

UNITED STATES OF AMERICA

V.   Case No. 1:18-cr-00529-CCB-1

KIRK. GROSS

_FILED _____ENTERED
_LODGED _____RECEIVED

OCT 1 1 2024

AT BALTIMORE
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____ DEPUTY

MOTION TO REDUCE SENTENCE REGARDING AMENDMENT 821 UNDER 18 USC. 3582 (c) (2).

1) DEFENDANT IS ELIGLBLE FOR A REDUCTION IN SENTENCE BECAUSE HE RECIEVED 2 ADDITIONAL CRIMINAL HISTORY POINTS FOR COMMITTING THE INSTANT OFFENSE WHILE UNDER A CRIMINAL JUSTICE SENTENCE.

On October 1st 2024 the defendant filed an administrative remedy of compassionate release to USP Victorville warden (     ) in which the BOP failed to bring a motion on the defendants behalf with no additional response after 30 days have lapse. Mr. Gross has met the the exhaustion requirement that he has fully exhausted all administrative rights to appeal After 30 days from the receipt of such a request by the warden of the defendants facility may petition the court directly for compassionate release. see; Jenkins, 22 F.4th at 169. The statute 18 USC. 3582 (i) states a reduction ia consistent with applicable policy statements issued by 3582 (c). A district court are empowered to consider any extraordinary and compelling reason for release that a defendant might raise. see; United States v. McCoy, 981 f.3d 271, 275 (4th cir 2020). also see; United States v. Zullo, 976 f.3d 228, 230 (2nd cir 2020).

On May 30, 2019 the defendant kirk gross was sentenced to 192 months of imprisonment for being a convicted felon in possession of a firearm, 922 (g) (1) and 924 (e). Before sentencing was held in open court Gross pled guilty to count 1 on April 18, 2019. see; ECF No. 21-22. Seven days later Mr. Gross appeared in Maryland state court for violation of probation in which the court Dismissed Gross's violation of probation and term and removed him from state probation and closed the case, on April 25, 2019. see; Gross Pre-sentence Report. The defendant is a category V with the additional two points added due to committing the offense under a criminal justice sentence but without it he will be a category IV with 9 criminal history points. Under 18 USC 3582 (c) (2) is triggered by amendment listed in subsection (d) that lowers the applicable guideline range. Defendant eligible for sentence modification based on retroactive amendment if determined to be eligible under 1B1.10 and 3553 (a). see; United States v. Garrett, 758 f.3d 749, 752-53 (6th cir 2014 ). Defendant elible for sentence reduction after retroactive amendment despite plea agreement where agreement called for sentence within guidelines range and court considered range in accepting plea. see; United States v. Cobb, 584 f.3d 979, 985 (10th cir 2009). also see; United States v. Williams , 808 f.3d 253, 263 (4th cir 2015). For the foregoing reasons above Gross is eligible for a reduction in sentence under 821 Amendment.